GOENAGA *v*. GOENAGA.

APPEAL from the District Court of San Juan.

No. 422.—Decided December 22, 1909.

INJUNCTION—APPLICATION MADE AFTER RENDITION OF JUDGMENT.—An application for injunction filed after rendition of judgment, in the case to which the injunction refers, is properly denied. (Sec. 5, Injunction Law of March 8, 1906.)

ID.—If a writ of injunction were issued after the rendition of judgment in the action to which the application referred, the final provision of section 10 of the Injunction Law of March 8, 1906, could not be complied with because the amount fixed to cover damages and reasonable attorneys fees could not be included in the judgment, in case the person in whose favor the injunction was issued should obtain judgment in his favor.

ID.—If it were sought to secure the issuance of the writ of injunction independently of the suit referred to in this application, it would be possible to determine whether or not sections five and 10 of the Injunction Law were applicable.

The facts are stated in the opinion.

*Mr. López Landrón* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On December 14, 1908, Francisco E. de Goenaga y Olza filed a sworn complaint in the District Court of San Juan in an action against Francisco Goenaga Fuertes and his attor-

neys, Eugenio Benítez Castaño and Domingo Massari, involving the performance of a contract of compromise, praying for the issue of a peremptory writ of injunction against the parties directing the defendant, Francisco Goenaga Fuertes, his attorney, José Martínez Dávila, and the officials of the Registry of Property of San Juan, to refrain during the pendency of the action from taking any steps or from continuing to take any steps with reference to the alienation or record in favor of any person, of house No. 88, Fortaleza Street, now Allen Street, or any part thereof.

In support of his application the petitioner alleged that, by private document of November 23, 1907, he entered into a contract of compromise with Francisco Goenaga Fuertes; that according to the fourth clause of said contract Francisco Goenaga Fuertes and his brother, Rufino, in his own right and as the heirs at law of Carlos Goenaga Fuertes, assumed the obligation of transferring to him in sale the house at No. 88 Fortaleza Street in this city, which, by order of May 27, 1908, was vacated, and the previous judgment of November 2, 1907, was ordered filed, without prejudice to the right of Francisco Goenaga Fuertes to recover from the attorneys who represented him in the compromise; that about July 16, 1908, the petitioner filed a complaint against Francisco Goenaga Fuertes and his attorneys for the proper performance of the contract of compromise; that the judgment rendered in this action was pending appeal taken by both parties litigant, and that it would be some months before the final judgment would be rendered; that in the meantime Francisco Goenaga Fuertes himself, and through his attorney, José Martínez Dávila, and his agents or assistants, was taking steps to secure the record in order to sell it to a third person, of the house at No. 88 Fortaleza Street, which sale would render difficult or impossible the enforcement of the rights of the petitioner to have the compromise of November 23, 1907, complied with, at the same time making inefficient the final order, aforementioned, of May 27, 1908; and that if Fran-

cisco Goenaga Fuertes were permitted to carry out the sale of the said house, the judgment which may be rendered by this Supreme Court ordering the performance of the contract of compromise, might be easily evaded.

The court set a date for the appearance of the defendant, Goenaga Fuertes, to show cause why the injunction should not issue further ordering that if the plaintiff furnished bond in favor of said defendant in the sum of $300, the secretary would issue a restraining order against the defendant as applied for.

The bond was furnished; José Martínez Dávila, in his own right and as the attorney of Francisco Goenaga Fuertes, alleged reasons why the injunction should not issue, stating among others that the action in which it had been applied for was pending on appeal before the Supreme Court; and the San Juan court by order of January 29 of the current year dismissed the application for an injunction, from which order an appeal was taken by counsel for Goenaga Olza, which appeal has been prosecuted in legal form.

We find that the order appealed from conforms to the law.

The Act approved on March 8, 1906, to define injunctions, and to prescribe when they may be issued, and to repeal an act authorizing injunctions previously approved, provides in its fifth section:

"An injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits, if the complaint in the one case or the affidavits in the other show satisfactorily that sufficient grounds exist therefor."

From the allegations of the petitioner himself it may be deduced that the action, to which the injunction refers, had been concluded by judgment of the District Court of San Juan and pending appeal on the date the injunction was applied for—that is to say, December 14, 1908.

This judgment, according to the evidence, was rendered on November 30, 1908, and counsel for Goenaga Olza took an

appeal therefrom to this Supreme Court on December 1 of the same year. This being the case, the injunction was applied for after judgment had been rendered in the action, and, therefore, it was properly denied.

Furthermore, section 10 of the injunction act prescribes that in all actions wherein an injunction or restraining order has been granted, if it be made to appear to the court that great damage will be suffered by the person enjoined, in case the injunction is continued and that the person in whose behalf it issued can be fully compensated for any damages he may suffer by reason of the continuance of the acts enjoined during the pendency of the litigation, the court, in its discretion, may dissolve or modify the injunction upon the person enjoined, giving a bond in such amount as may be fixed by the court or judge, and upon the trial the amount of such damages must be ascertained and in case judgment is rendered for the person in whose behalf the injunction was granted the amount fixed as such damages must be included in the judgment, together with reasonable attorneys' fees.

The last particular of this provision could not be complied with if the writ of injunction were issued after rendition of judgment.

We have considered this appeal in the light of sections five and 10 of the Injunction Act approved March 8, 1905, taking into consideration that a writ of injunction has been applied for in a action to enforce the performance of a contract of compromise brought by *Francisco R. de Goenaga y Olza* v. *Francisco Goenaga Fuertes* and his attorneys, Eugenio Benítez Castaño and Domingo Massari, the writ of injunction being, therefore, a claim incidental to or a part of said action, because if an application for an injunction were involved independent of the action referred to, it would be possible to discuss whether the provisions of law to which we have made reference were applicable or not.

The reasons set forth being fundamental, without entering upon an examination and consideration of the others which

have been alleged, we are of the opinion that the order appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Justice del Toro did not take part in the decision of this case.